George Haines, Esq.
Nevada Bar No. 9411
Gerardo Avalos, Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM, LLC**
8985 South Eastern Ave., Suite 100
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@freedomlegalteam.com
*Attorneys for Plaintiff Mariano Garcera*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Mariano Garcera,<br><br>      Plaintiff,<br>v.<br><br>Experian Information Solutions, Inc.; Equifax Information Services, LLC; Capital One Bank, N.A.; First Premier Bank; U.S. Bank, N.A.; and Opportunity Financial, LLC,<br><br>      Defendants. | Case No.: 2:23-cv-01450<br><br>**Complaint for Damages Pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq.**<br><br>**Jury Trial Demanded** |

1

**Introduction**

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Mariano Garcera ("Plaintiff"), by counsel, brings this action to challenge the actions of Experian Information Solutions, Inc. ("Experian"); Equifax Information Services, LLC ("Equifax"); Capital One Bank, N.A. (Capital One"); First Premier Bank ("Premier"); U.S. Bank, N.A. (U.S. Bank); and Opportunity Financial, LLC ("Opportunity"); (jointly as "Defendants"), with regard to erroneous reports of derogatory credit information to national reporting agencies and Defendants' failure to properly investigate Plaintiff's disputes.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

8. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

## Jurisdiction and Venue

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 15 U.S.C. § 1681.

10. This action arises out of Defendants' violations of the FCRA.

11. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada as they conduct business here. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

## Parties

12. Plaintiff is a natural person living in Clark County, Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Defendants are each a corporation doing business in the State of Nevada.

14. Capital One, Premier, U.S. Bank and Opportunity are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

3

15. Experian and Equifax regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. These entities are "consumer reporting agencies" as that term is defined by 15 U.S.C. §1681a(f).

16. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## General Allegations
### Re: Bankruptcy Case No. 22-12996

17. On or about August 22, 2022, Plaintiff filed for bankruptcy in the United States bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 et seq. (the "bankruptcy").

18. The obligations to each creditor-furnisher herein (as applicable) were scheduled in the bankruptcy and each respective creditor, or its predecessor in interest, received notice of the bankruptcy.

19. None of the creditor-furnishers named herein filed any proceedings to declare their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 et seq.

20. No creditor-furnisher named herein obtained relief from the "automatic stay" codified at 11 U.S.C. §362 et seq. while Plaintiff's bankruptcy was pending to pursue Plaintiff for any personal liability.

21. Further, while the automatic stay was in effect during the bankruptcy, it was illegal and inaccurate for any creditor-furnisher named herein to report any post-bankruptcy derogatory collection information, pursuant to the Orders entered by the bankruptcy Court.

22. The accounts named herein (as applicable) were discharged through the bankruptcy on November 16, 2022.

23. However, Defendants either reported or caused to be reported inaccurate

information as discussed below after Plaintiff's debts were discharged.

24. Additionally, Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

25. The Consumer Data Industry Association ("CDIA") publishes the Metro 2 ("Metro 2") reporting standards to assist furnishers with their compliance requirements under the FCRA.

26. Courts rely on such guidance to determine furnisher liability. *See, e.g., In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due").

27. On information and belief, Defendants adopted and at all times relevant implemented the Metro 2 format.

28. On information and belief, each furnisher named herein adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an integral aspect of their respective duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

29. Each furnisher named herein failed to conform to the Metro 2 Format when reporting on Plaintiff's accounts after Plaintiff filed bankruptcy as further set forth below.

30. In turn, each of the credit reporting agencies named herein, reported and re-reported the inaccurate information, thus violating their duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

31. To this end, the adverse reporting on Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but

also materially misleading under the CDIA's standards as well.

32. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

## Experian Misreported Consumer Information and Failed to Investigate Plaintiff's Dispute

33. In Plaintiff's consumer report from Experian dated December 16, 2022, Experian inaccurately reported Plaintiff's personal information. Plaintiff's name was reported incorrectly as Mariano Capucao Garcera and Mariano Garcra. This was inaccurate, misleading, and derogatory because these names do not pertain to Plaintiff.

34. In addition, Experian listed six addresses on Plaintiff's consumer report which do not pertain to Plaintiff. This was inaccurate, misleading, and derogatory because none of these addresses pertain to Plaintiff.

35. On or about June 13, 2023, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i(a)(2), by notifying Experian, in writing, of the inaccurate, misleading, and derogatory information.

36. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian, requesting the above inaccurate information be corrected or removed.

37. Plaintiff never received any notification from Experian that Experian investigated or reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

38. Experian was required to conduct an investigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

39. Experian failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i.

40. Experian continued to report and re-report the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible

accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

41. Experian, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

42. A reasonable investigation by Experian would have discovered that the information it was reporting was reporting was inaccurate, misleading, and derogatory.

43. Due to the failure by Experian to reasonably investigate, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i, thereby causing continued reporting of inaccurate information in violation of the FCRA.

44. Plaintiff's continued efforts to correct the inaccurate, misleading, and derogatory reporting by communicating Plaintiff's dispute with Experian were fruitless.

45. Experian's continued inaccurate and negative reporting was knowing and willful because it had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

46. Also as a result of the continued inaccurate, misleading, and derogatory reporting by Experian, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

47. By reporting inaccurate consumer information after notice and confirmation of its errors, Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681i.

### Equifax, Capital One, First Premier, U.S. Bank and Opportunity Misreported Consumer Information and Failed to Investigate Plaintiff's Dispute

48. In Plaintiff's consumer report from Equifax dated December 16, 2022, Equifax and Capital One reported a delinquency first reported date of August 2022 on account No. 3469. This is inaccurate and has the misleading effect of re-aging the account on Plaintiff's credit report. The delinquency first reported date should

be no later than July 2022, the date the first delinquency occurred.

49. Additionally, Equifax and Capital One reported a delinquency first reported date of August 2022 on account No. 1438. This is inaccurate and has the misleading effect of re-aging the account on Plaintiff's credit report. The delinquency first reported date should be no later than July 2022, the date the first delinquency occurred.

50. Moreover, Equifax and Capital One reported a delinquency first reported date of August 2022 on account No. 0096. This is inaccurate and has the misleading effect of re-aging the account on Plaintiff's credit report. The delinquency first reported date should be no later than July 2022, the date the first delinquency occurred.

51. Further, Equifax and Premier reported a delinquency first reported date of August 2022 on account No. 5904. This is inaccurate and has the misleading effect of re-aging the account on Plaintiff's credit report. The delinquency first reported date should be no later than February 2017, the date the first delinquency occurred.

52. Furthermore, Equifax and Premier reported a delinquency first reported date of August 2022 on account No. 3575. This is inaccurate and has the misleading effect of re-aging the account on Plaintiff's credit report. The delinquency first reported date should be no later than June 2022, the date the first delinquency occurred.

53. In Addition, Equifax and U.S. Bank reported a delinquency first reported date of August 2022 on account No. 2946. This is inaccurate and has the misleading effect of re-aging the account on Plaintiff's credit report. The delinquency first reported date should be no later than May 2017, the date the first delinquency occurred.

54. Lastly, Equifax and Opportunity reported a delinquency first reported date of August 2022 on account No. 6959. This is inaccurate and has the misleading effect of re-aging the account on Plaintiff's credit report. The delinquency first

reported date should be no later than July 2022, the date the first delinquency occurred

55. On June 13, 2023, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Equifax, in writing, of the inaccurate, misleading, and derogatory information.

56. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax, requesting the above inaccurate information be updated, modified, or corrected.

57. Equifax was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

58. Upon information and belief, Equifax timely notified Capital One, Premier, U.S. Bank and Opportunity regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

59. Upon information and belief, Equifax provided Capital One, Premier, U.S. Bank and Opportunity with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

60. Upon information and belief, Equifax provided all relevant information to Capital One, Premier, U.S. Bank and Opportunity regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

61. However, Plaintiff never received any notification from Equifax that Equifax, Capital One, Premier, U.S. Bank and Opportunity investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

62. A reasonable investigation by Equifax, Capital One, Premier, U.S. Bank and Opportunity would have determined that they were reporting the above disputed information inaccurately.

63. Equifax, Capital One, Premier, U.S. Bank and Opportunity failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

64. Upon information and belief, Capital One, Premier, U.S. Bank and Opportunity

continued to report the inaccurate information.

65. In turn, Equifax re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

66. Equifax, Capital One, Premier, U.S. Bank and Opportunity upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

67. Due to Equifax's, Capital One's, Premier's, U.S. Bank's and Opportunity's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

68. Equifax's, Capital One's, Premier's, U.S. Bank's and Opportunity's continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

69. Also as a result of Equifax's, Capital One's, Premier's, U.S. Bank's and Opportunity's continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

**70.** By inaccurately reporting consumer information after notice and confirmation of their errors, Equifax, Capital One, Premier, U.S. Bank and Opportunity failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

### Plaintiff's damages

71. In addition to Plaintiff's creditworthiness being negatively impacted, Plaintiff

suffered emotional distress and mental anguish as a result of Defendants' actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendants' actions. Plaintiff further suffered humiliation and embarrassment.

**Violation of the Fair Credit Reporting Act**

**15 U.S.C. § 1681**

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, et seq.

74. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

75. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**Prayer for relief**

76. Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:
    - An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
    - An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
    - An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1); and
- Any other relief that this Court deems just and proper.

### Jury Demand

77. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 16, 2023.

Respectfully submitted,

**FREEDOM LAW FIRM**

 /s/ *Gerardo Avalos*
George Haines, Esq.
Gerardo Avalos, Esq.
8985 S. Eastern Ave., Suite 100
Las Vegas, Nevada 89123
*Counsel for Plaintiff*